

Villanova University School of Law

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-28-2009

# Larry Lasko v. Ronnie Holt

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4216

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Larry Lasko v. Ronnie Holt" (2009). *2009 Decisions.* Paper 1287.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1287

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4216
_____

LARRY LYLE LASKO,
                                        Appellant

v.

RONNIE HOLT


_____


On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 07-00371)
District Judge:  Honorable Thomas I. Vanaskie
_____


Submitted Under Third Circuit LAR 34.1(a)
May 27, 2009

Before: SLOVITER, AMBRO and GREENBERG, <u>Circuit</u> <u>Judges</u>

(filed: May 28, 2009 )
_____

OPINION
_____

PER CURIAM


    Appellant Lawrence Lasko is presently confined at the Schuylkill Federal

Correctional Institution in Pennsylvania.  Proceeding pro se and in forma pauperis, Lasko

appeals from the District Court's denial of his habeas petition under 28 U.S.C. § 2241. For the reasons that follow, we will affirm.

I.

In short, Lasko had refused to leave the office of the Clinical Director of Health Services at FCI-Schuylkill, in spite of direct orders to do so by prison staff. On July 26, 2006, Lasko received an incident report charging him with "Refusing to Obey an Order of any Staff Member" in violation of Code 307. See 28 C.F.R. § 541.13, Table 3. The Unit Discipline Committee referred the charge to Disciplinary Hearing Officer Kevin Bittenbender ("DHO Bittenbender"). A disciplinary hearing was held, and DHO Bittenbender concluded that there was sufficient evidence to support a finding that Lasko violated Code 307. As a result, Lasko was sanctioned with fifteen days in disciplinary segregation, ten days disallowance of good conduct time ("GCT"), forfeiture of thirty days non-vested GCT, and loss of telephone and visitation privileges for four months.

Lasko then filed this petition for habeas corpus pursuant to 28 U.S.C. § 2241. Therein, he claimed that his disciplinary hearing was constitutionally infirm for want of due process, and that the incident report was issued against him in retaliation for his prior filing of a § 1983 action against the report's complainant.[1] The District Court denied the

_____

[1] That action, Lasko v. Hendershot, No. 05-0991, 2006 WL 2828787 (M.D. Pa. Sept. 29, 2006), was dismissed by the District Court for failure to exhaust administrative remedies. However, Lasko renewed the suit, and the District Court granted the defendants' motion for summary judgment. The case is currently pending on appeal. See

2

petition, and denied Lasko's motion to compel.  Lasko timely appealed.

## II.

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a).  A certificate of appealability is not required to appeal from the denial of Lasko's § 2241 petition.  See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).  We exercise plenary review over the District Court's legal conclusions, and review its factual findings for clear error.  See Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002).

## III.

Lasko raises four claims on appeal: 1) he was not permitted to review documentary evidence or call witnesses; 2) DHO Bittenbender was biased; 3) there was insufficient evidence to support DHO Bittenbender's adverse disciplinary determination; and 4) the incident report was issued in retaliation for Lasko's filing of a civil rights action against prison officials.[2]  We address these claims in that order.

The due process rights of an inmate facing loss of GCT are limited to: 1) an

---

Lasko v. Watts, CA No. 08-3615.

[2] To the extent that Lasko also attempts to advance an Eighth Amendment medical neglect claim on appeal, we cannot consider it.  This claim, if successful, would not "spell speedier release," and therefore does not "lie[] at 'the core of habeas corpus.'" Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)).  Lasko himself seems to recognize that § 1983 is the proper vehicle for such a claim, see Leamer v. Fauver, 288 F.3d 532, 543 (3d Cir. 2002), as he is already pursuing it in his pending civil suit.  We express no opinion on the merits of that claim at this time.

3

impartial decision-making body; 2) twenty-four hour advance notice of the charges; 3) an opportunity to call witnesses and present documentary evidence; 4) assistance from a representative; and 5) a written decision explaining the evidence relied upon. See Wolff v. McDonnell, 418 U.S. 539, 563-71 (1974).

Notably absent from the Wolff list of due process rights is a prisoner's right to review all potentially inculpatory evidence prior to the disciplinary hearing, and thus Lasko's first claim must fail. Moreover, the documentary evidence that Lasko complains of not receiving (a memorandum of Physician's Assistant Ortiz, who witnessed the events leading up to the incident report) was apparently provided to Lasko orally. In addition, Lasko's claim that he was denied the right to call witnesses is belied by the fact that he did call a witness, Physician Assistant Hubble. Further, Lasko does not offer any names of witnesses that he was prevented from calling. Thus, the District Court was correct in finding that Lasko's first due process claim is without merit.[3]

---

[3]Lasko's brief also indicates that he was effectively denied staff representation at the hearing, as he was threatened by DHO Bittenbender with placement in "the Hole" (a Segregated Housing Unit) should he try to postpone the hearing until he retained such representation. (App. Br. at 2, 13.) As Appellee notes, this claim was not raised before the District Court, and we generally do not review claims raised for the first time on appeal. See United States v. Garth, 188 F.3d 99, 106 n.7 (3d Cir. 1999). But even if we were to consider it, we would find the claim lacking in merit. First, Wolff provides a right to staff representation at a prison disciplinary hearing only when the inmate is illiterate or the issue to be adjudicated is complex. See 418 U.S. at 570. Neither of those conditions is present in this case. Second, while DHO Bittenbender's alleged threat, if he made the threat, is quite troubling, the overwhelming evidence of Lasko's violation of Code 307 precludes him from being able to show that he suffered any prejudice rising to the level of a due process violation from the threat. Cf. Burkett v. Cunningham, 826 F.2d

4

Lasko's second claim, regarding DHO Bittenbender's alleged bias, implicates the due process right to an impartial decision-making body. This claim requires little discussion. Lasko merely offers generalized critiques of DHO Bittenbender, calling him "immoral, not impartial and not unbiased," without providing any substantive support for his argument. This is wholly insufficient, and the District Court correctly concluded that Lasko had failed to demonstrate partiality under Meyers v. Aldredge, 492 F.2d 296, 306 (3d Cir. 1974), or non-conformity with the relevant BOP regulations. See 28 C.F.R. § 541.16(b) ("In order to insure impartiality, the DHO may not be the reporting officer, investigating officer, or UDC member, or a witness to the incident or play any significant part in having the charge(s) referred to the DHO.").

We also reject Lasko's third claim, concerning the sufficiency of the evidence. A prison disciplinary determination comports with due process if it is based on "some evidence." See Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-56 (1985) ("[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board"). This standard is minimal and does not require examination of the entire record, an independent assessment of the credibility of witnesses, or even a weighing of the evidence. See id. at 455; Thompson v. Owens, 889 F.2d 500, 501-02 (3d Cir. 1989). The District Court pointed to several pieces of evidence

1208, 1221 (3d Cir. 1987) ("proof of prejudice is generally a necessary but not sufficient element of a due process claim") (citation omitted).

5

that support DHO Bittenbender's decision, including the allegations in the incident report, Lasko's own incriminating statements, and the contents of the Ortiz memorandum. (Dist. Ct. Op. at 2-3, 7.) These findings of fact are not "clearly erroneous," and we find no flaws in the District Court's application of the law with regard to this claim. We thus agree with the District Court that there was "some evidence" of Lasko's violation of BOP Code 307, and therefore no violation of his due process rights.

Finally, we turn to Lasko's First Amendment retaliation claim. Such a claim is proper in the habeas context if, for example, a petitioner's success will necessarily imply the invalidity of his deprivation of GCT. See Wilkinson, 544 U.S. at 81; Queen v. Miner, 530 F.3d 253, 255 n.2 (3d Cir. 2008); see also Edwards v. Balisok, 520 U.S. 641, 648 (1997). This is so in this case. As to the merits of the claim, because we agree with the District Court that sufficient evidence supported DHO Bittenbender's disciplinary determination, Lasko's retaliation claim must fail. See Carter v. McGrady, 292 F.3d 152, 159 (3d Cir. 2002); Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994) (stating that when "some evidence" supports disciplinary determination, that finding "checkmates" prisoner's retaliation claim).[4]

Accordingly, we will affirm the District Court's order.

---

[4] We express no opinion, however, on the merits of the closely related retaliation claim that Lasko raised in his contemporaneous civil suit. Nor do we express any opinion on whether such a claim is cognizable in a § 1983 action.